UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAY M. NEWTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-14144** |
| **ST. TAMMANY FIRE DISTRICT NO. 12, et al.** | **SECTION: "G"(5)** |

## ORDER

Pending before the Court is Plaintiff Ray Newton ("Plaintiff") "Motion to Remand."[1] Defendants the Board of Commissioners of St. Tammany Fire District No. 12, George Schwing, Darrel Guilott, and Kathy Mitternight (collectively, "Defendants") oppose the motion.[2] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, for the reasons that follow, the Court will grant the motion and remand this matter to the Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana.

## I. Background

Plaintiff filed a Petition in the Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana, on October 3, 2018.[3] In the Petition, Plaintiff named the Board of Commissioners of St. Tammany Fire District No. 12, the Estate of Joseph Mitternight, Kathy Mitternight, Emily Skidmore, Helen Mitternight, George "Sonny" Schwing, Darrell Guilott, the

---

[1] Rec. Doc. 29.

[2] Rec. Doc. 33.

[3] Rec. Doc. 1-1.

Volunteer Firemans Insurance Company, Glatfelters Insurance Group, and ABC Insurance Company as defendants.[4] In the Petition, brought claims against Defendants for alleged violations of the Fair Labor Standards Act ("FLSA"), the Louisiana Whistleblower Act, breach of contract, fraud, wrongful termination, libel, defamation, slander, retaliatory discharge, discrimination, and unjust enrichment.[5]

All Defendants jointly removed the case to this Court on December 21, 2018.[6] Defendants asserted that the Court had original jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.[7] On January 16, 2019, upon motion of Plaintiff, all claims against Defendants Glatfelters Insurance Group and Volunteer Firemans Insurance Company were dismissed with prejudice.[8]

On December 28, 2018, Defendants filed a "Motion to Dismiss Pursuant to Rule 12(b)(6)."[9] Plaintiff filed an opposition on January 22, 2019.[10] At the request of Plaintiff, oral argument was scheduled for January 30, 2019 at 10:00 a.m.[11] During oral argument, Plaintiff indicated that he would move to amend the complaint, dismiss the FLSA claim, and remand the

---

[4] *Id.*

[5] Rec. Doc. 1-1.

[6] *See* Rec. Doc. 1.

[7] *Id.*

[8] Rec. Doc. 11.

[9] Rec. Doc. 4.

[10] Rec. Doc. 15.

[11] Rec. Doc. 12.

case to state court.

On February 6, 2019, Plaintiff filed a motion to amend, seeking to add a claim for unpaid wages under Louisiana law.[12] The motion to amend was granted on February 11, 2019,[13] and the amended complaint was filed into the record on the same date.[14] On February 12, 2019, Plaintiff filed a motion to voluntarily dismiss the FLSA claims,[15] which was granted on February 14, 2019.[16]

On February 15, 2019, Plaintiff filed the instant motion to remand.[17] Defendants filed an opposition to the motion on March 1, 2019.[18]

## **II. Parties' Arguments**

### A.   *Plaintiff's Arguments in Support of the Motion to Remand*

In the instant motion, Plaintiff asserts that the Court should follow the "general rule" in this circuit and decline to exercise supplemental jurisdiction over the remaining state law claims.[19] Plaintiff notes that this matter was originally removed on the basis that the Court had federal question jurisdiction over the FLSA claims, and supplemental jurisdiction over the state law

---

[12] Rec. Doc. 18.

[13] Rec. Doc. 21.

[14] Rec. Doc. 22.

[15] Rec. Doc. 25.

[16] Rec. Doc. 26.

[17] Rec. Doc. 29.

[18] Rec. Doc. 33.

[19] Rec. Doc. 29-2 at 1.

claims.[20] Plaintiff notes that the decision to exercise supplemental jurisdiction over state law claims is "purely discretionary" and the court may decline to exercise supplemental jurisdiction after consideration of "the balance of the relevant factors of judicial economy, convenience, fairness, and comity."[21]

Plaintiff asserts that consideration of these factors leads to the conclusion that the case should be remanded to state court.[22] Plaintiff notes that no discovery has been completed, and a trial date has not been scheduled.[23] Furthermore, Plaintiff contends that a motion practice can be conducted in state court.[24] Plaintiff also notes that most of the parties reside in St. Tammany Parish, and it is likely that most of the witnesses reside in St. Tammany Parish.[25] Finally, because the only issues that remain to be decided in this case are governed by state law, Plaintiff asserts that "federalism and comity concerns also point toward remanding this case back to state court, where all remaining claims against [Defendants] must be decided under state law."[26]

## B. Defendants' Arguments in Opposition to the Motion to Remand

In opposition, Defendants assert that it is within this Court's discretion to retain jurisdiction over the state law claims.[27] Defendants contend that this Court should retain jurisdiction over the

---

[20] *Id.* at 2.

[21] *Id.* at 3 (quoting *Singleton v. Tall Timbers Homeowners Ass'n*, 16-14863, p. 9 (E.D. La. 2016)).

[22] *Id.* at 4.

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.* (quoting *Singleton*, No. 16-14863, p. 14).

[27] Rec. Doc. 33 at 1.

4

state law claims because a motion to dismiss the state law claims has been fully briefed and is ripe for decision.[28] Defendants argue that "Plaintiff has manipulated the court's jurisdiction by attempting to amend away the basis for jurisdiction."[29] Therefore, Defendants request that the Court retain jurisdiction over the state law claims to decided Defendants' motion to dismiss, which has been fully briefed and is ripe for decision.[30]

### III. Legal Standard

If a court has original jurisdiction over a federal claim pursuant to 28 U.S.C. § 1331, the court also has supplemental jurisdiction over related state law claims when the state law claims are "so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[31] Upon dismissal of the federal claim that served as the basis for original jurisdiction, the district court retains its statutory supplemental jurisdiction over the state law claims; however, it may choose whether or not to exercise that jurisdiction.[32] "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."[33] The "general rule" in the Fifth Circuit is to decline to exercise jurisdiction over supplemental state law claims when all federal claims are dismissed or otherwise eliminated from

---

[28] *Id.* at 2.

[29] *Id.*

[30] *Id.*

[31] 28 U.S.C. § 1367(a).

[32] *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009).

[33] *Id.* at 639 (2009) (citing § 1367(c) ("The district courts *may* decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.")).

5

a case prior to trial, though "this rule is neither mandatory nor absolute."[34] Section 1367(c) enumerates the circumstances in which district courts may refuse to exercise supplemental jurisdiction:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[35]

The Court's determination of whether to retain supplemental jurisdiction is guided by "both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity."[36] The Fifth Circuit instructs that "no single factor" in the supplemental jurisdiction analysis "is dispositive," and courts are to look to all of the factors under "the specific circumstances of a given case."[37]

## IV. Analysis

In the instant motion, Plaintiff asserts that the Court should remand this matter to state court because all of the federal claims have been dismissed, and "the balance of the relevant factors

---

[34] *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (citations omitted).

[35] 28 U.S.C. § 1367.

[36] *Batiste*, 179 F.3d at 227 (5th Cir. 1999); *Parker & Parsley Petroleum Co. v. Dresser Ind.*, 972 F.2d 580, 585 (5th Cir. 1992) (same).

[37] *Parker*, 972 F.2d at 587.

of judicial economy, convenience, fairness, and comity" weigh in favor of remand.[38] In opposition, Defendants assert that it is within this Court's discretion to retain jurisdiction over the state law claims.[39] Defendants contend that this Court should retain jurisdiction over the state law claims because a motion to dismiss the state law claims has been fully briefed and is ripe for decision.[40]

Considering the first factor of judicial economy, the Court finds that these concerns are best served by declining to exercise jurisdiction, as this litigation was only removed to this Court on December 21, 2018 and is still at a relatively early stage.[41] Although a motion to dismiss has been briefed in this Court, nothing would prevent Defendants from reasserting the arguments raised therein in state court. Furthermore, the Court did not conduct oral argument on the motion to dismiss as scheduled because Plaintiff indicated that he would be moving to dismiss the federal claims and seek remand of the case to state court. Defendants did not raise any opposition at that time.

Second, the convenience factor weighs in favor of declining to exercise jurisdiction, because the parties will not have to perform any redundant or particularly burdensome work to litigate in state court.[42] Third, federalism and comity concerns also point toward remanding this

---

[38] Rec. Doc. 29-2 at 3.

[39] Rec. Doc. 33 at 1.

[40] *Id.* at 2.

[41] *See id.* at 587 (noting that judicial economy would have been better served by dismissal from federal court where discovery had not been completed and the litigation was at a relatively early stage).

[42] *See id.* (finding no undue inconvenience to the parties where little new legal research would be necessary as a result of dismissal and where remaining claims would be governed by state law in either federal or state forum).

case back to state court, where all remaining claims against Defendants must be decided under state law. The federal courts are courts of limited jurisdiction, and state courts often have superior familiarity with their jurisdictions' law.[43]

Finally, the fairness factor concerns the prejudice to the parties that would arise from remanding the action back to state court.[44] Here, where neither party would have to repeat the "effort and expense of the discovery process," this factor also weighs in favor of declining to exercise jurisdiction.[45] Therefore, the Court finds that the balance of factors weighs towards declining to exercise supplemental jurisdiction. Accordingly, the Court declines to exercise its supplemental jurisdiction over the remaining state law claims and remands this matter to state court.

---

[43] *Id.* (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 122 n.32 (1984)).

[44] *Id.* at 588.

[45] *Id.* (citing *Waste Sys. v. Clean Land Air Water Corp.*, 683 F.2d 927, 931 (5th Cir. 1982)).

## IV. Conclusion

For the foregoing reasons, the Court declines to exercise supplemental jurisdiction over the state law claims and remands this matter to state court. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Remand"[46] is **GRANTED** and the case is remanded to the Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana.

**NEW ORLEANS, LOUISIANA**, this ___3rd___ day of April, 2019.

                                              **NANNETTE JOLIVETTE BROWN**
                                              **CHIEF JUDGE**
                                              **UNITED STATES DISTRICT COURT**

---

[46] Rec. Doc. 29.